PIERCE (BROOKLYN WHITE LEAD CO. v.). See Case No. 1,940.

## Case No. 11,143.

### PIERCE et al. v. BROWN et al.

[8 Biss. 534.] [1]

Circuit Court, N. D. Illinois. May, 1879.

POWER OF ATTORNEY TO COMPROMISE — SATISFACTION OF JUDGMENT—WHEN SET ASIDE.

An attorney was employed to bring suit and collect the amount due. After obtaining judgment against the defendant, the attorney compromised with the defendant and accepted less than the full amount—and entered the judgment fully satisfied. The attorney failed to turn over the amount received: *Held*, that plaintiffs were

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

entitled to have the satisfaction set aside, on condition that they would indorse on the judgment the amount received by the attorney.

[This was an action by Albert A. Pierce and others against James G. Brown and others.] Motion to set aside satisfaction of judgment.

Dent & Black, in support of motion.
Tuley, Stiles & Lewis, contra.

BLODGETT, District Judge. At the October term, 1876, of this court, on the 15th of November, the plaintiffs recovered a judgment against the defendants for the sum of $4,730 and costs. One D. E. K. Stewart was the attorney for the plaintiffs, and shortly after the recovery of the judgment negotiations were opened between the defendant Hawkins, and Stewart for a settlement of the matter, which resulted in a compromise, by which Hawkins paid Stewart, as the plaintiffs' attorney, the sum of $4,150, and Stewart entered a satisfaction of the judgment, the amount paid being $640 less than the amount for which the judgment was recovered. The plaintiffs now move to set aside this satisfaction on the ground that Stewart had no authority to make the compromise. No part of the money received by Stewart was ever paid to the plaintiffs, it being admitted, as part of the facts of the case, that Stewart absconded, and did not account to his clients for the money which he had received under this compromise. There is no dispute really about the facts in the case. Stewart was simply employed to bring this suit to collect the amount due. He was not expressly, nor impliedly, so far as the proof shows, authorized to accept less than the amount due in full satisfaction.

It is conceded by the defendants' attorney that the entry of full satisfaction is, under the facts, void and inoperative, at least voidable on the motion of the plaintiffs; but it is also insisted that the payment made to Stewart should be applied, so far as it would go, to the satisfaction, and that the court should now direct an entry to be made setting aside the satisfaction as to the unpaid $640.

The plaintiffs in support of the motion cited a large number of cases which go clearly to maintain the proposition that an attorney authorized to collect simply, has no authority to compromise, and there is no dispute about that question, in the state of Illinois especially, as there is a large number of cases sustaining the plaintiffs' proposition; but the question in this case is, whether the plaintiffs are entitled to have the satisfaction set aside entirely, and be authorized to collect the full amount of the judgment. The contest in this motion has been in reference to the extent to which this payment should be treated as a satisfaction.

There is no evidence in the case that there was any fraudulent collusion between Hawkins, the defendant who made the settlement, and Stewart; but on the contrary whatever

evidence there is bearing on that point shows that Hawkins was acting in good faith; that Stewart was threatening to issue an execution, and interfere with real estate Hawkins had in the city of Chicago; and Hawkins stood in reference to this whole claim merely in the light of surety, and under the circumstances entered into this negotiation for a settlement which resulted in a deduction of $640 from a claim of over $4,700, and on Stewart proposing to make that deduction which he claimed he had a right to make, and representing to Hawkins he was authorized by his clients to make a settlement, Hawkins paid him the money in satisfaction of the judgment.

It is admitted by the attorney for the plaintiffs that if the money had been paid to Stewart on account, it would be a good payment, no matter if Stewart did fail to respond to his clients. It is conceded that Stewart, under his powers to collect, could have received less than the full amount, and applied any payment as far as it went. He had power to receive money, and apply it on the judgment. The receipt of the money, therefore, was within the authority of the attorney, but he had no authority to release, and the attempt on his part to make the release was an act in excess of his power. The complaint of the plaintiffs, therefore, against Hawkins, that he paid Stewart the money, but that Stewart failed to pay it over to the plaintiffs, might have followed, as far as that is concerned, as readily if he had paid him the full amount, as if he had only paid part of it. But it is conceded that if Hawkins had paid Stewart the full amount, the satisfaction would have been binding. I think, then, under all the circumstances of the case, without quoting the authorities which have been cited on the part of the defendant, that the plaintiffs are entitled to have this satisfaction set aside; but at the same time only on condition that they shall indorse the amount which was received by Stewart on the judgment, so that the judgment will remain in force as to the unpaid portion.

I have been somewhat embarrassed in regard to the case because the court is asked to pass upon the rights of parties upon affidavits, and without that investigation of the facts in the case which can be made on a trial, and where, perhaps, it may be a question whether the plaintiffs, if they wished to do so, could assign error to the ruling of the court. There are some authorities, however, one in Massachusetts, which I have examined, where error was assigned upon the refusal of the court to set aside a satisfaction; and it may be that the plaintiffs can get this question before the supreme court on the record as it now stands.