ANNA D. DALTON *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk.   March 20, 1893. — May 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Attorney and Client — Authority to compromise Action — Power of Court to vacate Judgment.*

An attorney at law has no authority to compromise an action against the prohibition of his client; and, if he has signed and filed in the case an agreement for the entry of judgment for a certain sum, and of judgment satisfied, the court has power to vacate the judgment, if the application therefor is seasonably made, and the parties to the action can be put *in statu quo.*

PETITION to vacate a judgment entered in the Superior Court by agreement of the counsel of the respective parties, in an action brought by the petitioner against the respondent. Hearing before *Hammond,* J., who allowed a bill of exceptions, in substance as follows.

The original action was an action of tort for personal·injuries, in which the *ad damnum* was placed at $3,000, wherein the present petitioner was the plaintiff and the present respondent was the defendant. The action was brought by Edward J. Jenkins, an attorney at law. The writ, dated March 7, 1892, issued out of the Superior Court,.and was returnable in this county. The writ was duly entered on the first Monday of April, 1892, together

---

with the declaration setting forth the cause of action, and Jenkins appeared as counsel of record therein for the plaintiff, and William B. Sprout appeared as counsel of record for the defendant. Jenkins afterwards, on July 13, 1892, made with the defendant a settlement of the action for the sum of $750, which was paid by the defendant to Jenkins. Thereupon Jenkins, representing the plaintiff, and Sprout, representing the defendant, signed the following agreement: " The above case being settled, it is agreed that judgment may be entered therein for the plaintiff for seven hundred and fifty dollars without costs, and that entry may be made of judgment satisfied "; which agreement was duly filed on July 13, 1892.

Evidence was introduced by the petitioner showing that she employed Jenkins as her attorney in the action, and evidence was further admitted, against the respondent's objection, that Jenkins was not authorized by the petitioner to make the settlement, but was told by her not to compromise for the sum of $750 ; and that the petitioner in no way informed the respondent concerning any authority of Jenkins. There was no evidence tending to show that the compromise and settlement were not made in good faith on the part of the respondent. No evidence was introduced as to whether the settlement was a reasonable settlement.

The judge ruled, as matter of law, that Jenkins, as an attorney for the plaintiff, had, under the circumstances, no authority to make the settlement of the case; and. ordered judgment in the original action to be vacated, and the action to be brought forward for trial, upon the petitioner paying to the respondent, or into court for the use of the respondent, the sum of $750, with interest and costs of the respondent in the petition, which sums were paid into the hands of the clerk of the court, in pursuance of the order. The respondent alleged exceptions.

*W. B. Sprout*, for the respondent.

*D. F. Kimball*, for the petitioner.

FIELD, C. J. The only questions which have been argued relate to the authority of an attorney at law to make a compromise of a suit, to enter into an agreement for judgment, to file it in the cause, and to receive satisfaction of the judgment.

The exceptions recite in effect that the attorney for the peti-

tioner was not authorized to make the settlement which was made, but was told by his client not to make it.   In *New York, New Haven, & Hartford Railroad* v. *Martin,* 158 Mass. 313, we declined to enforce the specific performance of an agreement of compromise of a suit made by the attorneys, because it appeared that the attorney of the plaintiff in making the agreement had acted under a mistake of fact as to his authority.   The reasons are stronger against enforcing such an agreement when in making it one of the attorneys has violated his instructions.   In that case we declined to express an opinion whether, in this Commonwealth, an attorney at law, by virtue of his employment, has authority to agree to a compromise of his client's suit out of court, but we said that the weight of authority in this country was that he had not any such authority.   The court also said: " If such compromise is entered of record in the suit and relates to the disposition to be made of the suit, . . . it may be that it binds the parties to that suit, unless the court for good cause shown consents to the withdrawal of the agreement, and that, if it has been made without authority, or improperly made, the attorney is answerable in damages to his client."   In the present case the agreement was made a matter of record in the suit, and judgment was entered accordingly, and the judgment was satisfied.   But even when such agreements are entered of record in the suit, courts have the power to grant relief against them if made without the authority of the clients.   They may refuse to enforce them or treat them as void.   See *North Whitehall* v. *Keller,* 100 Penn. St. 105 ; *Whipple* v. *Whitman,* 13 R. I. 512 ; *Granger* v. *Batchelder,* 54 Vt. 248 ; *Holt* v. *Jesse,* 3 Ch. D. 177 ; *Swinfen* v. *Swinfen,* 2 DeG. & J. 381 ; *Holker* v. *Parker,* 7 Cranch, 436.   In practice the assumed authority of attorneys of record to agree upon the amount of judgment to be entered, or to any other disposition of the suit, must be recognized by the court, and when entered of record such agreements are binding upon the parties, unless the court for good cause shown permits them to be withdrawn, or vacates any order founded upon them.   But when the court is informed that they have been made against the express prohibition of the client, and the parties can be put *in statu quo,* we are of opinion that the court has the power to vacate any judgment founded upon them, and to order such

an agreement off the files, if the application is seasonably made. It is not contended in the present case that the application to vacate the judgment was not seasonably made, or that the court had not the power at that time to vacate the judgment. We see no error in the exceptions. *Exceptions overruled.*