# CHARLESTON.

CORNELL *v.* HARTLEY *et al.*

Submitted September 10, 1895—Decided Dec. 7, 1895.

1. ADMINISTRATORS AND EXECUTORS—WIFE OF INTESTATE.

Where a wife is entitled to certain notes and claims of her deceased husband, and she conveys and assigns said notes and claims to a married woman, upon the consideration that said woman will keep and maintain her during her natural life, and the woman to whom said notes and claims were assigned dies shortly afterwards, and her husband and children reconvey said notes and claims to said widow, she may maintain a suit against the administrator of her deceased husband to compel a settlement of his administration accounts; but, before she can have a distribution of the assets in his hands, the personal representative of the woman to whom she conveyed such claims and notes, and which were reconveyed to her by her heirs, must be brought before the court as a party.

2. JUDGMENT—FOUR-YEAR RULE—*Res Adjudicata.*

In order that a suit between parties, which has been pending for a time, and been dismissed under the four-years rule, should bar a subsequent suit between the same parties for the same subject-matter, the first suit must have been heard upon its merits.

W. SCOTT for appellant.

JOHN BASSEL and L. C. LAWSON for appellee.

ENGLISH, JUDGE:

At the December rules of the Circuit Court of Harrison county, for the year 1886, Charlotte Cornell filed her bill in equity against Elijah O. Hartley, as administrator of the estate of Azariah Cornell, for the purpose of compelling the settlement of the account of said Hartley as such administrator, in which she alleged that said Azariah Cornell departed this life on the 4th day of April, 1883, leaving no children or other issue of his body; that complainant was his wife, and took by survivorship the entire personal estate of said Azariah. That said Azariah left personal es-

tate to the amount of about one thousand dollars; that one Elijah O. Hartley was by the clerk of the county court of said county appointed administrator of said Azariah, and qualified as such, and gave bond; that said Azariah was twice married—the first time to Salome Boulton, who had a small tract of land which she and said Azariah sold and conveyed to said Hartley at the price of seven hundred and fifty dollars, and the notes and obligations for the deferred payments were made payable to said Salome, and, she having died intestate and without children, the same passed to said Azariah as sole distributee thereof; that at the death of said Azariah three of the notes given by said Elijah for said land remained unpaid, and came to the hands of said Elijah as such administrator, said notes being for one hundred dollars each and bearing date the 23d day of December, 1868; that said Elijah O. Hartley claims that said Azariah, prior to his death, requested him, said Elijah, to administer upon his (Azariah's) estate, and agreed with him (Elijah) that for his services as such administrator he should have one of said notes, or, in other words, that his services in that capacity should be in full discharge of one of said notes; that she is willing, if such arrangement was made, that the same may be carried out in good faith; but she insists that said Elijah shall prove that such arrangement was made by him and her said husband, and that said Elijah shall be held to the payment of the other two of said notes, at least; that after his qualification as such administrator said Elijah returned an inventory of the personal estate of said Azariah that came to his hands, but did not return either of said three notes or obligations as part of said inventory; that said Elijah O. has had ample time to settle his accounts as such administrator, including the payment of any debts due from said estate, which she is informed and charges is not indebted, and yet said Elijah, under various pretexts, is delaying and postponing such settlement of his accounts; that in the deed made by said Azariah and Salome to said Elijah O. a lien was retained to secure the payment of the said notes—and praying that said Elijah be required to settle his account before a commissioner, that the amount due plaintiff as distributee be ascertained, and

that said Elijah be compelled to pay the same to complainant.

The defendant Hartley filed an answer to said bill, in which he claimed that he paid off two of said one hundred dollar notes to said Azariah Cornell in his lifetime, and there remained unpaid at the death of said Azariah only the last of the three notes for one hundred dollars, each payable to the said Salome Cornell—that is to say, the note due and payable on the 25th day of December, 1894; that said note so remaining unpaid never came into his hands; that plaintiff, as the widow of said Cornell; had the control and custody of the papers of said decedent until and up to the day the appraisement was had of said estate, but said note was not among said papers, and never has come into his hands;·and he denied that any lien was reserved in said deed to secure the notes given by respondent as aforesaid; that his account as such administrator has been in the hands of a commissioner for nearly two years; that said Azariah Cornell was the committee of several parties in his lifetime, and the accounts of said committee were also before said commissioner, and were complicated; that under the advice of the commissioner he tried to compromise some of those accounts, but failed, and the delay in settlement is not owing to his negligence; and that he has been urging said commissioner to proceed and close the matter up as speedily as possible.

Quite a number of depositions were taken in the cause, and on the 23d day of January, 1891, said cause was dismissed from the docket under the four-year rule.

On the first Monday in July, 1894, said Charlotte Cornell filed another bill in equity in the said circuit court for the purpose of surcharging and falsifying the account of said Elijah O. Hartley as administrator of the estate of Azariah Cornell, and made said Elijah O. Hartley and Joseph I. Vincent, the surety in his administration bond, defendants, in which second bill she states: That her husband, Azariah Cornell, departed this life in 1883, intestate, leaving the plaintiff, his widow, as his only distributee of his personal estate, and states that her said husband, at the time of his death, was the owner and possesser of a large

personal estate in said county of Harrison, where he resided at the time of his death. That on the 11th day of April, 1883, said Elijah O. Hartley was appointed administrator of the estate of said Azariah Cornell, and entered into bond, with said Joseph I. Vincent as his surety, and took upon himself the duties of administering on said estate. That said Hartley took possession of said personal estate and had the same, or a portion thereof, appraised to him, a copy of which appraisement is filed with the bill. On the 2d day of May, 1883, said Hartley, as such administrator, had a sale of said personal estate, or at least a part thereof, of the said Azariah, which sale bill was returned to the clerk of the county court of said county and admitted to record, a copy of which is also filed. That of the personal estate of the said Azariah, the plaintiff, after the death of said Azariah, took personalty to the amount of one hundred and ninety eight dollars and ninety eight cents, as shown by an inventory of the same filed by said Hartley in said clerk's office. That said Hartley made a settlement of his accounts as such administrator before one A. Werninger, a commissioner of accounts for said county, commencing on the 20th day of May, 1884, and ending on the 1st day of February, 1889, which settlement was admitted to record in said clerk's office, a copy of which is filed with the bill. That the continuance of said settlement from May 20, 1884, to February 1, 1889, was at the instance of said administrator, and said Hartley has at no time made any other settlement of his accounts as said administrator as required by law. And she avers that, upon the death of said Azariah, she, as his widow, was entitled to all his personal estate, as provided by law, he (the said Azariah) having no child or children to inherit the same. That, being so entitled, she entered into a contract with one Samantha A. Janes, to whom, for a valuable consideration, plaintiff transferred and conveyed to said Samantha, together with her dower interest in the lands of said Azariah, "all moneys that were in the hands of E. O. Hartley and others, with all her personal property," by deed, which was recorded, a copy of which is exhibited. That said Samantha departed this life leaving her surviving, W. B.

Janes, her husband, and five children, all of whom, on the 23d day of May, 1894, joined in a deed reconveying all right, title, and interest they and each of them had or might have in these funds or personal property in the hands of said Hartley as such administrator, which deed was duly admitted to record, and a copy is filed with plaintiff's bill. The plaintiff further alleges that by reference to said settlement of said Hartley it may be seen that said Hartley, as said administrator, was indebted to the estate of said Azariah Cornell in the sum of two hundred and one dollars and twenty six cents as of the 1st day of February, 1889, and in addition thereto held notes on the said J. I. Vincent amounting in the aggregate, principal and interest, on said date, according to said settlement, to the sum of ninety four dollars and thirty three cents. That said sum and no part of the sum due by said settlement has ever been paid to plaintiff by said Hartley, or to said Samantha A. Janes, or to any one for their use and benefit, or either of them, and that the same and every part thereof, together with the proper interest thereon, is now due plaintiff from said Elijah O. Hartley, as such administrator, who has failed, neglected, and refused to make any other settlement of said account as such administrator than the one above referred to, and to settle with plaintiff for the same. That at the time of the death of said Azariah Cornell the said Hartley was indebted to him in a large sum of money, amounting to several hundred dollars. That said sum of money has never been appraised to him as said administrator. That there were other large sums of money belonging to the estate of said Azariah not appraised to said Elijah O. Hartley, and that these, as well as the said amount or amounts thus owing to the estate of said Azariah by said E. O. Hartley, have nowhere or at any time been accounted for by said Hartley to plaintiff, or any one claiming under her for her use and benefit, and that the same and every part thereof, together with the proper interest thereon, is now due, owing, and unpaid to plaintiff by said Hartley. That among numerous other false and erroneous charges allowed in favor of said Hartley by said commissioner, are the following: The sum of

63

one hundred and ninety eight dollars and ninety eight
cents, claimed by plaintiff as the widow of said Azariah, as
therein shown, for the reason that in said settlement said
Hartley is given credit for said amount as an item of credit
in accounting for the amount of the sale bill, seven hun-
dred and fifty one dollars and eighteen cents, when in fact
said one hundred and ninety eight dollars and ninety eight
cents is no part of said sale bill, and should not have been
so allowed. That in said settlement said Hartley is no-
where charged with the personalty thus taken by plaintiff,
amounting to said sum of one hundred and ninety eight
dollars and ninety eight cents, but that the amount therein
charged, seven hundred and fifty one dollars and eighteen
cents, is simply the amount of the sale bill of personal
property of said Azariah, sold by said Hartley, and does
not include all the funds, money, or personal property
which came to the hands of said Hartley as the adminis-
trator of said Cornell, deceased, and with which he is prop-
erly chargeable. That the said sum of thirty seven dollars
and fifty six cents is likewise an improper credit to said
Hartley against plaintiff, as the same is allowed said Hart-
ley as commission on the seven hundred and fifty one dol-
lars and eighteen cents, the said sale bill, when in fact said
Hartley was not entitled to said sum, as said commissioner
did not make his settlement until the 1st of February, 1889,
nearly six years after his appointment, and it is therefore
not according to law; and that the sum of two hundred
and one dollars and twenty six cents balance due the estate
February 1, 1889, as found by said commissioner, is far
less than was actually due the estate on that date, and the
balance then claimed is false and erroneous. And she
prays that said account may be surcharged and falsified in
these particulars, as well as in all other respects wherein
the same may be erroneous and incorrect, and may be cor-
rected, and the several items and charges allowed said
Hartley against plaintiff as aforesaid may be disallowed,
and that said Hartley be required to account for all funds,
money, and property which came or should have come in-
to his hands as such administrator, and especially the
amount said Hartley owed said Cornell at the time of his

death; that said Hartley and his surety, J. I. Vincent, may be compelled to account for and pay over to the plaintiff the amount in his hands as administrator of said Cornell.

The defendant E. O. Hartley answered said bill and claimed that the complainant ought not to have and maintain her action in this cause because all the matters in controversy were fully litigated and disposed of in a similar and identical suit brought by the complainant in said circuit Court, on the chancery side thereof, to December rules, 1886, which suit was entitled "Charlotte Cornell v. E. O. Hartley, Administrator of the Estate of Azariah Cornell, Deceased," and that the facts and allegations set up in the bill filed in said suit were substantially the same as are set up in this cause, and that the object of said suit was the same, *viz*, the settlement of respondent's accounts as administrator aforesaid; that he then employed counsel and made a perfect defense to the allegations thereof, and evidence was taken by both parties to said cause, and that said cause was finally dropped from the docket of said court, and the complainant is now without remedy except under the provision of section 8 of chapter 127 of the Code of West Virginia, which cause is referred to, to be read in connection with his answer. Respondent admits that he qualified as administrator of the estate of said Azariah Cornell, and took upon himself the duties of said office, and also admits that he had a sale of said personal estate, but avers that the sale was made of the entire personal estate as far as he was able to ascertain the same. Respondent further admits that complainant took, of the personal property of the said Azariah Cornell, the amount of one hundred and ninety eight dollars and ninety eight cents, but he denies that, in the settlement made by him before A. Werninger, a commissioner of accounts of said county, said sum of one hundred and ninety eight dollars and ninety eight cents, claimed, as alleged, by complainant as widow of said Azariah stands charged to said estate; but on the contrary he avers that it will appear from said settlement, which is filed with complainant's bill, that said estate is credited with the same, and respondent is charged therewith. He denies that he should not have credit for his commission

as administrator of thirty seven dollars and fifty six cents, allowed him by Commissioner Werninger. He says his accounts were for a long time before said Werninger for settlement, but says it was no fault of this respondent that they were not settled sooner, and this matter is fully explained in his answer filed in the previous suit of complainant against respondent, and to which answer reference is here made; that he has always done all in his power to have said Werninger make a settlement of his accounts, and if any one is to blame for the delay in his settlements it is the said Werninger. And respondent says that any objection or exception to said settlement before said Werninger, or any effort to surcharge or falsify the same now, comes with bad grace from complainant, when said settlement was in fact admitted to record in the office of the clerk of the county court on the 13th of March, 1889, without exception thereto by the complainant, and complainant at that time had pending in said circuit court the suit heretofore referred to for settlement of respondent's accounts as administrator as aforesaid. As to the note which complainant alleges respondent holds on J. I. Vincent of ninety four dollars and thirty three cents, respondent alleges that said J. I. Vincent is insolvent, and respondent is unable to collect the same, and that he has faithfully tried to do so.

The cause was referred to a commissioner, and the defendant E. O. Hartley appeared and filed a demurrer, and also his answer to plaintiff's bill. Said commissioner took depositions and returned his report, which was excepted to by defendant (1) because the report shows bias and prejudice on his part; (2) because said commissioner acted as counsel in the case referred to in defendant's answer filed in this cause, involving same matters in controversy in this cause, as will appear by the deposition of Abraham Rinehart, taken in said similar cause; (3) because the order of reference was improvidently, illegally, and improperly allowed.

On the 18th day of September, 1894, the cause was heard, and the court overruled the demurrer and the exceptions taken to the commissioner's report, and confirmed

the same, and it appearing to the court from the report of said commissioner that on the 11th day of September, 1894, said E. O. Hartley, as administrator of Azariah Cornell, deceased, and J. I. Vincent, as his surety, were indebtted to the plaintiff, Charlotte Cornell, in the sum of one thousand three hundred and thirty three dollars and sixty three cents, it was adjudged, ordered, and decreed that said E. O. Hartley and J. I. Vincent do pay the said Charlotte Cornell the sum of one thousand three hundred and thirty three dollars and sixty three cents, with interest thereon from the 11th day of September, 1894, until paid, with costs, and from this decree the appeal was allowed.

The first error assigned is as to the action of the court in overruling the defendant's demurrer to plaintiff's bill. The grounds relied on in said demurrer were:

First. Because the plaintiff has no right to bring suit, the complainant having assigned all her interest in the estate of the said Azariah Cornell to Samantha A. Janes for a consideration which, from all that can be learned from the bill, exhibits, and evidence in the cause, was fully paid, and it is not now in the power of the heirs of said Samantha A. Janes to convey or assign the interest of said Samantha A. Janes in said estate to said Cornell. Now, as to the questions raised by this demurrer, our conclusion is that the said Charlotte Cornell, by virtue of the reassignment to her of said personal estate, took it as distributee, subject to the indebtedness of the estate of said Samantha A. Janes, and this would entitle her to call on the administrator of Azariah Cornell for a settlement of his accounts and maintain a suit for that purpose; but before there could be a distribution of the assets of said Azariah Cornell, it was necessary that the administrator of the estate of Samantha A. Janes should be brought before the court. This was necessary for the protection of said E. O. Hartley as administrator of the estate of Azariah Cornell. Otherwise, he might have to pay the balance found against him on settlement to the administrator of said Samantha A. Janes. We therefore think this point of the demurrer was well taken, and the demurrer should have been sustained, and the cause remanded, with leave to the plaintiff

to amend her bill and make the administrator of said Samantha A. Janes a party.

As to the second ground of demurrer it may be well to express our opinion, as the cause is to be remanded. The second ground of demurrer relied on was: Because all the matters in controversy in said cause have been fully litigated in the cause of Charlotte Cornell *v.* E. O. Hartley, Administrator of Azariah Cornell, Deceased, late pending in this Court, in which the defendant E. O. Hartley made full defense, and which cause was finally dropped from the docket pursuant to section 8 of chapter 127 of the Code, and the plaintiff is without remedy except under section 11 of said chapter, and said cause was referred to, to be read in connection with said demurrer. Now, when we look at that record we find that while the case was pending for some years on the docket and considerable testimony was taken therein, nothing was determined thereby, the case was never heard upon the merits, and it was dismissed under the four-year rule. Upon this point Barton, in his Chancery Practice (volume 1, p. 358) states the law thus: "It is undoubtedly the rule that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, constitutes a bar to any other suit between the same parties or their privies for the same points of controversy; but to constitute such a bar it must appear either upon the face of the record or be shown by extrinsic evidence that the previous question was raised and determined in the former suit, and that the said former suit was determined on its merits." So that we think this clause of the demurrer was properly overruled.

Having arrived at the conclusion above stated, it is unnecessary to discuss the exception to the commissioner's report. The decree complained of is reversed, and the cause remanded, with leave to the plaintiff to amend her bill and make new parties, with costs.