TURNER v. FLEMING *et al.*

No. 2546. Opinion Filed February 18, 1913.

(130 Pac. 551.)

1. JUDGMENT—Res Judicata—"Dismissal on the Merits"—"Retraxit."
A dismissal of a suit, based upon an agreement between the parties by which a settlement and adjustment of the subject-matter in dispute is made, is a dismissal on the merits, and is equivalent to a retraxit at common law, and as such is a bar to further litigation on the same subject-matter between the parties.

2. SAME—Evidence. Where the record fails to show the facts of the agreement upon which such dismissal is based, extrinsic evidence may be resorted to.

3. ATTORNEY AND CLIENT—Authority of Attorney—Compromise of Claim. An attorney, by virtue of his retainer, can do anything fairly pertaining to the prosecution of his client's cause and the protection of his client's interests involved in the suit; but he cannot, under such general authority, surrender or compromise away his client's substantial rights.

4. SAME—Vacating. Where an attorney makes a compromise or settlement of a cause, without any authority so to do, and causes an order of dismissal "as per stipulation," based on such settle-

Turner v. Fleming et al.

ment to be entered, such order may be set aside and vacated, upon the application of his aggrieved client promptly presented.

(Syllabus by Brewer, C.)

*Error from District Court, Pottawatomie County; Roy Hoffman, Judge.*

Action by J. B. Turner against M. C. Fleming and At. T. Brown. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Blakeney, Maxey & Miley,* for plaintiff in error.

Opinion by BREWER, C. The question presented in this case is this: Is an agreement of an attorney in a case to settle by compromise and dismiss the case, as per stipulation, by virtue of his general employment to bring suit, and without special authority or the knowledge or consent of his client, binding on the client, who afterwards learns of the matter and brings a proceeding to set aside the judgment and order of dismissal?

The defendant in error has filed no brief. The facts, briefly stated, are: Plaintiff in error, Turner, a nonresident, owns a building in Shawnee, and defendants in error were occupying it as tenants; no rent had been paid for a long period. It seems a Mr. Douglas had been collecting rents for Turner, and was directed by Turner to collect the back rents. Defendants refused payment and Douglas employed an attorney, who brought suit for back rents in the sum of $780 and interest. Defendants answered denying indebtedness and with a cross-petition asking over $2,000 for various items of damages. A settlement of the suit was agreed upon between Douglas, the attorney, and defendants, whereby Turner's total claim for rents was surrendered and defendants were paid the sum of $625 out of Turner's funds in the hands of Douglas. When the case was called, upon the suggestion of attorneys, the court made the following order: "Ordered that this cause be and the same is hereby dismissed as per stipulations now on file."

While the written stipulations were not filed, the complete settlement and compromise stated above was entered into ·between the persons as stated.

A dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject-matter in dispute is made, is a dismissal on the merits, and is equivalent to a judgment of *retraxit* at common law; and as such would be a bar to further litigation on the same subject between the parties. 3 Blackstone, Com. 296; *Bank of the Commonwealth v. Hopkins*, 2 Dana (Ky.) 395; *Jarboe v. Smith,* 10 B. Mon. (Ky.) 257, 52 Am. Dec. 541; *Merritt v. Campbell,* 47 Cal. 542; *Hoover v. Mitchell,* 66 Va. 387; *Wohlford v. Compton,* 79 Va. 333; *U. S. v. Parker,* 120 U. S. 89, 7 Sup. Ct. 454, 30 L. Ed. 601; *Pethtel v. Mc-Cullough,* 49 W. Va. 520, 39 S. E. 199; *Wilcher v. Robertson,* 78 Va. 602.

If the record fails to show the facts of the agreement for the dismissal, extrinsic evidence may be resorted to. *Butchers' Slaughtering, etc., Ass'n v. Boston,* 137 Mass. 186; *Foye v. Patch,* 132 Mass. 105; *Cornell v. Hartley et al.,* 41 W. Va. 493, 23 S. E. 789; 1 Barton, Chancery Practice, 358.

The order in this case being a bar to further litigation over the same subject-matter between the same parties, if made with authority, the decisive question arises: Did the attorney have the power and authority to make the agreement and settlement and consent to the ˙order?

The undisputed facts are that Turner wrote Douglas and asked him to collect these rents. No further or other authority is claimed. An attorney was employed, suit brought, and, after issues were fully joined, Douglas and the attorney he had employed settled the case, surrendering all of Turner's claim for rents in the suit, and paying out of other funds of Turner a large sum of money to defendants.

The general authority and direction to collect the rents was not sufficient authority to do what was done in this case. An attorney by virtue of his retainer can do anything fairly per-

taining to the prosecution of his client's cause, and the protection of his client's interest involved in the suit; but he cannot, under such general authority, surrender or compromise away his client's substantial rights. To do it requires the express authority of the client, or his agreement thereto. *Pickett v. Merchants' Nat. Bank,* 32 Ark. 346; *Preston v. Hill,* 50 Cal. 43, 19 Am. Rep. 647; *Derwort v. Loomer,* 21 Conn. 245; *Jones v. Inness,* 32 Kan. 177, 4 Pac. 95; 3 Ency. Law, 358; *Hallack v. Loft,* 19 Colo. 74, 34 Pac. 568; *Forest Coal Co. v. Doolittle,* 54 W. Va. 210, 46 S. E. 238; *Waldron v. Angleman,* 71 N. J. Law, 166, 58 Atl. 568; *Thomason v. Odum,* 31 Ala. 108, 68 Am. Dec. 159; *Kellogg v. Gilbert,* 10 Johns (N. Y.), 220, 6 Am. Dec. 335; *Rhutasel v. Rule,* 97 Iowa, 20, 65 N. W. 1013; *Dickerson v. Hodges,* 43 N. J. Eq. 45, 10 Atl. 111; 4 Cyc. 945, and cases cited. The petition to vacate and set aside the order of dismissal in this case should have been granted. Where an attorney makes a compromise or settlement of a case without any authority so to do, it may be set aside and vacated, upon application of his aggrieved client, seasonably presented. *Dalton v. West End Street Ry. Co.,* 159 Mass. 221, 34 N. E. 261, 38 Am. St. Rep. 410; *North Whitehall T. P. v. Keller,* 100 Pa. 105, 45 Am. Rep. 361; *Faughman v. Elizabeth,* 58 N. J. Law, 309, 33 Atl. 212; *Pierce v. Brown,* 8 Biss. 534, Fed. Cas. No. 11,143.

This case should therefore be reversed and remanded, with directions to set aside the order of dimissal as per stipulation filed; the cause be reinstated on the trial docket for trial in course on the issues joined.

By the Court: It is so ordered.