## LATHAM et al. v. REYNOLDS.

No. 24483. April 30, 1935.

Rehearing Denied July 9, 1935.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1935.

Sam Gill and S. A. Horton, for plaintiffs in error.

Everest & Halley and Everest, McKenzie & Gibbens, for defendant in error.

PER CURIAM. This was an action by T. M. Latham and Martha Latham against E. E. Reynolds to recover on a verbal contract to pay the Lathams $3,750. The evidence as to the existence of such a contract, and whether the issue between the parties had not been settled by an agreed dismissal of a former suit on the same contract, was in conflict. The jury found for the defendant, judgment was rendered for defendant, and plaintiffs bring error.

The uncontradicted evidence shows that S. A. Horton, an Oklahoma City attorney, was attorney for the Lathams in this action and also in a former action in Oklahoma county by the Lathams against Reynolds on the same contract, which Horton dismissed. The uncontradicted testimony also shows that Horton was one of the attorneys for the plaintiffs, one of whom was Mrs. Latham, in a case pending in the district court of Gray county, Tex. Reynolds was one of several defendants in the Texas case. The two Oklahoma county cases were offshoots of the controversy in Texas. There were several Texas attorneys in the Texas suit, and they attempted to and were finally successful in negotiating a compromise settlement whereby Mrs. Latham received a substantial sum and Horton a substantial fee.

While this settlement was pending in Texas, Reynolds and his associates refused to settle the Texas case unless the first of the two Oklahoma cases was also settled. This was taken up with Horton in Oklahoma City, and the uncontroverted facts appear that Horton caused the court clerk there to wire Judge Reeder, of opposing counsel, that the Oklahoma case had been dismissed. On the day this telegram was sent, Horton filed a dismissal, stating that it was at the cost of plaintiffs and saying nothing about it being without prejudice. The next day he filed an order of dismissal purporting to be without prejudice, but this was not forwarded to Judge Reeder till after the Texas case was settled by agreed judgment and $50,000, including $7,333.34 for Mrs. Latham and $7,000 for Horton, was paid. And then Horton refiled the present suit, regardless of his prior statement in a letter to Judge Reeder that he had "never made a settlement in any case that didn't stay settled, and I refuse to be a party to any scheme that doesn't carry with it a good faith settlement." The letter, of course, was admitted when produced, but there is a sharp conflict between Judge Reeder and Horton as to the subsequent telephone conversation concerning the dismissal. Judge Reeder says the understanding was that the Oklahoma case was to be dismissed with prejudice;

that the settlement in Texas should settle both cases, and that in reliance thereon, he did settle the Texas case and paid out $50,000 for his clients. Horton claims that he told Judge Reeder that he would not dismiss the Oklahoma suit at all, but at the suggestion of Judge Reeder he agreed to dismiss the suit without prejudice so Reeder could deceive his clients into making a settlement that would yield rich results to Horton and one of his clients.

According to Horton, his clients, both of them, had full knowledge of what he was doing. We believe it to be sound law that a dismissal of one suit, in order to gain a rich result to the dismissing attorney and one of his clients, especially where the other client happens to be the husband of the one to be benefited, and knowingly participates in dismissal, constitutes an executed settlement, precluding a subsequent suit upon the same cause of action. Turner v. Fleming, 37 Okla. 75, 130 P. 551.

The testimony is uncontradicted that neither of the three intended to stop the Oklahoma litigation, yet they consented to the dismissal, and by it, obtained sizable sums of money, which otherwise would not have been paid. We conclude as a matter of law that the Lathams, who are shown by the record to have had full knowledge of what Horton was doing, were estopped from instituting and maintaining the present suit, and that Reynolds' motion for a directed verdict should have been sustained. As the estoppel comes from the testimony voluntarily introduced by plaintiffs, no pleading of it was required. Gillette v. Young, 45 Colo. 562, 101 P. 766.

There were two controverted questions of fact in the case, either of which was fatal to plaintiffs, if determined against them: First, Had Reynolds made the contract sued upon? Second, Was the dismissal, certainly supported by a valuable consideration, agreed to be a final termination of the Oklahoma litigation? The jury returned its verdict for the defendant, and there was ample evidence to sustain it. It would be a waste of time to cite the many Oklahoma cases holding that a verdict under such circumstances is conclusive.

We have examined the various assigned errors and find no merit in any of them. We believe the instructions given were correct statements of the law. Moreover, as plaintiff's evidence shows estoppel as a matter of law, it would seem that error, if any there were, was harmless. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys C. H. Jameson, Marvin T. Johnson, and Philip Kates in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jameson and approved by Mr. Johnson and Mr. Kates, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.