H. C. ROOT v. THE TOPEKA WATER SUPPLY COMPANY.

PRIMA FACIE CASE—*Erroneous Judgment.* Where a plaintiff proves a *prima facie* case, and there is no evidence on the part of the defendant rebutting said *prima facie* case, a judgment in favor of the defendant is erroneous, as being against the evidence.

*Error from Shawnee District Court.*

JUDGMENT for the defendant *Company*, at the January term, 1888. The plaintiff, *Root*, brings the case here. The opinion states the facts.

*Wm. P. Douthitt*, and *H. C. Root*, for plaintiff in error.

*Case & Moss*, and *Hazen & Isenhart*, for defendant in error.

Opinion by STRANG, C.: September 20, 1877, Hugo Felitz was the owner of lot 5, section 30, township 11, range 16, Shawnee county, Kansas. October 5, 1881, he and his wife, Catherine Felitz, deeded an undivided one-half interest in said property to the Topeka Water Supply Company. January 26, 1882, said Hugo Felitz and wife deeded the remaining undivided one-half interest in said lot to the Topeka Water Supply Company. February 22, 1886, Hugo Felitz and wife entered into an agreement with H. C. Root and J. W. Campbell, whereby they agreed that if said Root and Campbell would commence a suit to set aside the deeds made by Felitz and wife to the defendant, and prosecute said suit to a successful conclusion, as consideration for their services

therein they would convey to said Root and Campbell an un-divided half interest in lot 5, above described. Said contract was acknowledged by Felitz and wife and immediately placed of record. March 1, 1886, Root and Campbell commenced a suit in the superior court of Shawnee county, in the name of Catherine Felitz, to set aside the deed from her husband and herself to the defendant. The petition in said case al-leged, among other things, first, that the land conveyed by Hugo and Catherine Felitz to the defendant by said deeds was the homestead of said Felitz and wife; second, that Catherine Felitz had been adjudged insane, and was insane when she executed and acknowledged the deeds made by her-self and husband to the defendant company; third, that said deeds were obtained from herself and husband by fraud prac-ticed by the defendant; fourth, that said Catherine Felitz became well and restored to her reason in 1885. January 20, 1886, the defendant company demurred to the petition of the plaintiff in said superior court, but said demurrer was never heard. August 26, 1886, Catherine Felitz, without the knowledge or consent of her attorneys, Root and Campbell, filed in said court an order dismissing said suit. September 9, 1886, the court, pursuant to said order, dismissed said case at the cost of the plaintiff therein, Catherine Felitz. Decem-ber 8, 1886, J. W. Campbell and wife conveyed to H. C. Root all their interest in said lot 5. Catherine Felitz never in any way compensated Root and Campbell for their services rendered under said contract with her and her husband. April 28, 1887, H. C. Root demanded of the defendant com-pany a deed for the undivided one-half of said lot, under his contract with Catherine Felitz, and the company refused to make said deed. April 29, 1887, H. C. Root commenced his action to compel the defendant, as the grantee of Catherine and Hugo Felitz, taking subject to his interest in said land, to carry out the agreement of Catherine and Hugo Felitz made with him. In this petition, among other things, he alleges that, pursuant to the agreement between Hugo and Catherine Felitz with himself and Campbell, he instituted

proceedings in the superior court to set aside the deeds made by Catherine and Hugo Felitz to the defendant, and prosecuted said suit until it was dismissed; that said suit was "dismissal agreed;" that the agreement upon which it was dismissed was, that the defendant therein should pay the plaintiff in said case $390, and give her and her husband a life lease of the land in controversy; and the plaintiff and her husband were to make a new and valid deed to said premises to the defendant, and dismiss the suit. The defendant herein demurred to the petition of the plaintiff below, which demurrer was overruled, and defendant answered, to which the plaintiff replied. The case was tried by the court without a jury, and judgment rendered in favor of the defendant. Plaintiff filed a motion for a new trial. Motion overruled, exception allowed, and the plaintiff comes here alleging that the court erred in overruling the motion for a new trial, and in rendering judgment for the defendant, when under the evidence and the law it should have been rendered for the plaintiff.

This case turns upon the character of the judgment of the superior court in dismissing the case therein, in which Catherine Felitz was plaintiff and the Topeka Water Supply Company was defendant, and the effect of said judgment of dismissal upon the parties thereto and their privies. The plaintiff alleges that said judgment of dismissal was, under the circumstances under which he alleges it was made, an adjudication of the matters in controversy in favor of the plaintiff therein, Catherine Felitz—she receiving all the fruits of a victory, and the defendant yielding the same; and that therefore he has a right to have specific performance of the contract of Hugo and Catherine Felitz with himself and Campbell enforced in this suit. Mr. Root furnishes an elaborate brief upon the character and effect of said judgment of dismissal, with a forcible argument supported by numerous citations of authorities; while the defendant in its brief cites no authorities, and simply treats the authorities invoked by the plaintiff as not applicable to the case. It seems to us the defendant

overlooked almost entirely the possible effect of the judgment of dismissal in the superior court, supplemented as it was by parol evidence showing, or tending to show, what the agreement between the parties to said suit was in connection with said dismissal. The plaintiff insists that said judgment of dismissal was a "dismissal agreed," and that such a judgment is *res judicata*, and the authorities cited go a long ways in that direction. If such judgment is *res judicata*, what was settled thereby? It is claimed by the plaintiff that the material allegations in the petition of the plaintiff in that case were settled; that it was settled that the land in dispute, lot 5, was the homestead of the plaintiff therein and her husband when when they executed the deeds conveying said lots to the Topeka Water Supply Company; that said judgment settled the fact, as alleged in said petition, that Catherine Felitz was insane when she executed the said deeds conveying lot 5 to the Topeka Water Supply Company; and that the said Catherine Felitz was afterward, to wit, in 1885, restored to her reason. The record of the case in the superior court was admitted in evidence by the trial court, and thus became a part of the evidence to be passed upon in said court. Taking such record as it stood, unaffected by the parol testimony admitted in the case for the purpose of showing an agreement between the parties thereto, and we can readily understand how the trial court could have rendered judgment for the defendant, even conceding the dismissal was a judgment, and as such *res judicata*, and a bar to the extent to which it went, for then such record would show a simple, voluntary dismissal of her case by the plaintiff. It then would be *res judicata* as to her rights therein, and a bar to any future claim by her to said property growing out of any right she at that time possessed, and probably a bar to the plaintiff herein, who claims under her and her husband. But when the dismissal, as shown by the record introduced, is affected by the parol testimony modifying said dismissal, and changing it from a simple, voluntary dismissal by the plaintiff of her cause of action at her own costs to a "dismissal agreed," which is an adjudication of the mat-

ters in dispute between the parties by themselves, and such adjudication as so shown establishes the fact, even *prima facie*, that by such adjudication the defendant practically admitted the contention of the plaintiff and treated with her upon that basis, and as no evidence was offered by the defendant to rebut the showing of the plaintiff in that regard, we fail to see upon what theory the trial court rendered the judgment it did. The plaintiff alleges that the judgment as rendered is against the evidence and the law. It seems to us, the plaintiff having made at least a *prima facie* showing by the introduction of the record of the case in the superior court and the parol testimony affecting and modifying it, that the judgment of dismissal in said court was a judgment of "dismissal agreed," and, there being no evidence to rebut such showing, that the claim of the plaintiff is well founded, that the judgment of the court below is against the evidence.

*Prima facie case — erroneous judgment.*

There are other questions in this case, but we do not care to discuss them. In sending this case back for a new trial, we prefer to let it go back affected by as few restrictions as possible, leaving the case open for a full and complete trial of all the questions raised in the case, and only suggest that it be tried by counsel with more care than before, and that, in so important a case as the record here presents, with so many important questions involved, there should be findings of fact upon all the important questions raised by the pleadings.

Counsel for defendant argue in their brief that there is no evidence that the land in question was the homestead of Hugo and Catherine Felitz when they executed the deeds to the defendant company. We think they have overlooked the evidence in the case on that question. It is true there is not a great amount of evidence upon the question, but there is direct and positive evidence supporting the homestead allegation, and it is hardly rebutted by the uncertain and incomplete evidence that the premises are within the city limits, and contain more than is allowed by our homestead provision in a city. All the deeds describe the premises as lot 5, section 30, township

11, range 16, in Shawnee county, Kansas, and there is no evidence that squarely places it inside the city limits. We are speaking of the evidence on this subject outside of the record of the trial in the superior court. Possibly that record itself settles the question, but as the case goes back, we do not care to pass upon that question.

Counsel for defendant, in their brief, say there is no evidence of the insanity of Catherine Felitz. There is none except that which comes through the said record of the superior court; but possibly that is enough. It depends upon the effect given to the judgment of dismissal in the superior court, upon which hangs this entire case as the record is now made up. The defendant company did not offer the deed obtained by it from Hugo and Catherine Felitz, August 26, 1886, in evidence, and says in its brief that it did not in any way rely upon the title thus obtained. But that deed is in evidence in the case, and the evidence, as it now stands, shows that the defendant not only procured said deed for some purpose, but that it gave a valuable consideration therefor; and there is no explanation by the defendant as to the purpose in obtaining said deed, the real consideration therefor, nor as to whether said deed had any relation to the dismissal of the suit in the superior court by Mrs. Felitz.

We recommend that the judgment of the district court be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.