H. C. ROOT v. THE TOPEKA WATER SUPPLY COMPANY.

DEED—*Cancellation—Res Judicata.* In an action by a vendor against a vendee to set aside a deed, a third party who, subsequent to the delivery of the deed sought to be set aside, but before the suit is brought therefor, obtains by written contract with the vendor an interest in the land described in said deed, which interest is contingent upon the success of the plaintiff's action to set aside the deed, but who is not a party to the suit, is not privy to the judgment therein obtained.

*Motion for Rehearing.*

THE opinion, filed on April 11, 1891, states the case.

*Case & Moss, Hazen & Izenhart,* and *J. D. McFarland,* for the motion.

*Wm. P. Douthitt,* and *H. C. Root,* contra.

Opinion by STRANG, C.: This case was submitted to this court on briefs and oral argument, some time ago, and reversed. It is now here on a motion for a rehearing. When the case was before this court first, the question as to whether the plaintiff in error was privy to the judgment in the superior court of Shawnee county, in the case of Catherine Felitz *v.* The Topeka Water Supply Company, was not seriously argued, and did not receive the attention it was entitled to. The argument on the motion for rehearing made that the principal question in the case, and, considered in connection with the determination of the case in the superior court, the use made of the record in that case, and the trial of this case in the court below, we think it a very grave question. A careful examination of the question satisfies us that the contention of the defendant in error on this point is correct. The plaintiff in error is not privy to the judgment of the superior court in the case of Catherine Felitz against the Topeka Water Supply Company. (Freeman, Judg., § 162; *Hunt v. Haven,* 52 N. H. 170; *Dickinson v. Lovell,* 35 id. 16; *Flanders v. Davis,* 19 id. 139, 149; Starkie, Ev., 9th ed., *328.) The plaintiff in error

had only a contingent, equitable interest in the land in contro-
versy in said suit in the superior court. If that case had gone
on to trial and judgment, and had been decided in favor of
the Topeka Water Supply Company, Root would have taken
nothing under his contract. If it had been decided in favor of
Mrs. Felitz, that would have vested the title in her, and then
the water company would have been ousted, and Root could
have demanded specific performance of Catherine and Hugo
Felitz. But the case did not go to trial and judgment in the
superior court. The plaintiff in error contends that it was
settled out of court, and was dismissed in pursuance of said
settlement, and a new conveyance taken by the water com-
pany from Hugo and Catherine Felitz.

The plaintiff in error claims that the relation between him-
self and the water company, growing out of the settlement
and dismissal of the case in the superior court, is that the
water company was the purchaser under this last deed of the
land in controversy from Hugo and Catherine Felitz, with
notice of his rights under the contract of Catherine and Hugo
Felitz with the plaintiff in error and J. W. Campbell. Now,
while Root is not privy to the said judgment in the superior
court, yet he had an undoubted right, in pursuance of his
theory of the settlement and dismissal of said cause in the
superior court, in an independent action for specific perform-
ance against the water supply company, as purchaser, with
notice of his rights in the land in question, to introduce in
evidence the record of the superior court to show that he had
complied with the contract with Hugo and Catherine Felitz;
and we think he had a right to further use said record as
evidence, in connection with the parol testimony supplemental
thereto and proof of the taking of a new deed by the com-
pany from Hugo and Catherine Felitz, to show a settlement
of that case between the parties, whereby the company became
at that time the purchaser of the land in question. Having
introduced the contract under which he claimed, the record
of the court, and parol testimony supplemental thereto, to
show a compliance on his part with the terms of the contract

between himself and partner with Hugo and Catherine Felitz, the new deed taken by the company from Hugo and Catherine Felitz as a part of the alleged settlement, the lease executed by the company back to Hugo and Catherine Felitz, proof of the value of said lease, and the payment of $390 in cash by the company to Hugo and Catherine Felitz at the time of said alleged settlement, it seems to us that the plaintiff in error showed such a *prima facie* case as, unexplained by any evidence on behalf of the defendant in error, entitled him to have it submitted to the jury. The defendant in error, in connection with its motion for rehearing, suggests that the opinion heretofore filed in this case holds that the judgment of the superior court is *res adjudicata* of the allegations of the petition in the case in that court, to the effect that the land in question was a homestead, that Catherine Felitz was insane when she executed the deeds of 1881 and 1882 to the water company, and that her reason was restored to her before she signed the contract under which plaintiff in error claims, in February, 1886. This court did not intend to settle any question in the opinion heretofore filed, except that the plaintiff in the case below had made such a *prima facie* case as entitled him to a hearing before a jury. But, as we now hold that the plaintiff in error is not privy to the judgment in the superior court between Catherine Felitz and the water company, the defendant in error will not be embarrassed by anything growing out of any privity of relation on the part of Root with said judgment; and the plaintiff in error will be put on notice that, in a new trial, he must prove the allegations of his petition by such evidence as will satisfy the court and jury.

It is recommended that the motion for rehearing be denied.

By the Court: It is so ordered.

VALENTINE and JOHNSTON, JJ., concurring.

HORTON, C. J.: I have serious doubts about the decision in this case, but as a new trial is to be had, permitting the parties to litigate *pro* and *con* every question involved in the

pleadings without any prior order or judgment being conclusive or *res adjudicata*, I cannot perceive that the result reached can be prejudicial or harmful in any way.