BOETTCHER OIL & GAS CO. v. WESTMOLAND et ux.

No. 29310. Feb. 11, 1941.

*113 P. 2d 824.*

Orr & Woodford, of Holdenville, for plaintiff in error.

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for defendants in error.

GIBSON, J. This is an action by the owners of an undivided interest in the oil and gas rights in certain land against the oil and gas lessee to recover damages arising from defendant's failure to release said lease after the alleged abandonment thereof.

Verdict and judgment were for plaintiffs, and defendant appeals.

Plaintiffs and certain other parties owned the mineral rights under the land in question, and the defendant as their lessee drilled a producing gas well thereon from which royalties were paid said owners for a number of years. While the well was still producing, the plaintiffs and some of their cotenants sued defendant to cancel said lease on the ground of failure of proper development. That suit was settled on the offer of defendant to release the lease on dismissal of the cause. Defendant accordingly released the lease and surrendered possession, and the plaintiffs in the case filed their unconditional dismissal at their costs.

The present action is founded on the theory that the defendant by failure to properly develop the premises had actually abandoned the lease and was under legal duty to release the same long prior to the dismissal of the former suit, and that the withholding of said release had prevented plaintiff from leasing to others on bona fide offers of consideration.

Among the defenses pleaded it is alleged that the dismissal aforesaid constituted a retraxit, and therefore a bar to further litigation on the same subject matter between the parties. Turner v. Fleming, 37 Okla. 75, 130 P. 551; Amos v. Johnston, 162 Okla. 115, 19 P. 2d 344.

Plaintiffs take the position that the dismissal of the former suit pursuant to agreement of the parties was in effect an adjudication of the issue of abandonment of the lease and wrongful refusal of defendant to execute a release of the same. Root v. Topeka Water Supply Co., 46 Kan. 183, 26 P. 398. That is to say, plaintiffs apparently assume that the agreement on the part of defendant to release the lease in consideration of the dismissal of the former suit was equivalent to an admission on defendant's part that it had wrongfully refused to execute the release, thus relieving plaintiffs of the burden in the instant case of proving that issue by evidence of the actual facts.

The Kansas case, above, appears to sustain plaintiffs' contention. But there it is shown that the plaintiff as an attorney had prosecuted a former action on behalf of his client against the defendant to recover some land. The parties compromised the action without the attorney's consent and dismissed the same pursuant to agreement whereby defendant retained the land. Defendant knew that the attorney was performing services under a contingent fee contract. The attorney brought his action against the defendant to compel conveyance of the land assigned to him as a fee by his client under the contract. It was held that the agreed dismissal of the action was equivalent to an adjudication of the issues in that case and an admission by defendant of the allegations of the petition therein, and served to establish a prima facie case for the attorney in his action against the defendant to recover his fee.

But on rehearing (46 Kan. 189, 26 P. 400) the opinion was materially modified, and the foregoing pronouncement virtually discarded. The court said that the intention was not to decide any issue, but merely to hold that the plaintiff attorney had established a prima facie case. The decision is not in point.

We agree with defendant that the dismissal constituted a retraxit and there-

fore a bar to further litigation on the same subject matter between the parties. The dismissal was filed pursuant to a compromise and settlement of all the issues raised by the petition. In Turner v. Fleming, above, the rule is stated as follows:

"A dismissal of a suit, based upon an agreement between the parties by which a settlement and adjustment of the subject matter in dispute is made, is a dismissal on the merits, and is equivalent to a retraxit at common law, and as such is a bar to further litigation on the same subject matter between the parties."

And it was further held in that case that where the record in the former case fails to show the facts of the agreement on which the dismissal is based, extrinsic evidence to that end may be resorted to. To the same effect is the holding in Amos v. Johnston, supra.

It is not difficult to see that this action and the former one were predicated on the same subject matter, the primary rights of the plaintiffs under the oil and gas lease and the infringement thereof by defendant. The issues are identical; only the prayers are different. The term "subject of action," as used in our Code, is defined in Stone v. Case, 34 Okla. 5, 124 P. 960, as "a primary right and its infringement"; and the terms "subject of the action" and "subject matter of the action" are ordinarily regarded as synonymous. 1 C. J. 946.

Retraxit is equivalent to a judicial admission on the part of the plaintiff that the allegations of his petition are to be considered as without further merit, and that he is willing to become forever barred from again asserting rights under the same allegations and issues. This is entirely proper, for when a defendant enters into a bona fide agreement of compromise and settlement, and dismissal is filed by plaintiff pursuant thereto, the defendant should not be required again to defend himself on issues arising out of the same subject matter. There is nothing of a harsh nature in the rule announced in

Turner v. Fleming, above. A retraxit is a voluntary acknowledgment that plaintiff has no cause of action, and will not proceed further. McPherson v. Swift, 22 S. D. 165, 116 N. W. 76.

The undisputed evidence shows a retraxit on the part of plaintiffs. The court therefore erred in not directing a verdict for defendant.

The judgment is reversed.

WELCH, C. J., CORN, V. C. J., and OSBORN and BAYLESS, JJ., concur.