## COLONIAL ROYALTIES CO. v. HINDS et al.

No. 33179.   Oct. 5, 1948.

Rehearing Denied March 1, 1949.

Second Petition for Rehearing Denied April 18, 1950.

*216 P. 2d 958.*

| | Surface | Minerals |
|---|---|---|
| Edd S. Hinds | 9/87 | 459/6960 |
| Manuel P. Hinds | 9/87 | 93/1740 |
| Ida V. Paxton | 9/87 | 93/1740 |
| Mary E. Tennison | 9/87 | 9/87 |

In December, 1925, the defendant, Colonial Royalties Company, acquired an undivided 1/16 or a 10-acre interest in the minerals in and under said lands from one Russell Cobb who, a few days previously, had acquired such mineral interest by conveyance from the first two above-named plaintiffs and Ora Hinds, another of the defendants. The original action involved other additional lands and various other defendants, but the above named Colonial Royalties Company is the sole appellant and claimed an interest only in the above parcel. Therefore, no other lands and the rights of no other party need be considered herein.

Plaintiffs, and most of the defendants, had inherited their respective interests in the property from their father and grandfather, one Frederick Hinds.

At the time the appellant bought its mineral interest, there was an oil boom in the county but no well was ever drilled on the land herein involved, nor was any well drilled near enough to give the property a mineral value other than purely speculative. At the time of the sale in 1925, the defendant paid and the plaintiffs received $350 per acre for the mineral interest conveyance. The commissioners, appointed in this case by the trial court, appraised such interest at $10 per acre. As to partition, plaintiffs' petition contained only the allegations required by statutes dealing with such actions (12 O.S. 1941 §§1501-1516). The defendant, in its answer denied generally the allegations in the petition and in addition alleged its ownership of the 1/16 mineral interest as set out in plaintiffs' petition. It further alleged that the allowance of partition, on application of plaintiffs who had participated in the severance of the two estates, would be inequitable because of effecting a forced sale of

Harold E. Rorschach, of Tulsa, Jack L. Rorschach, of Vinita, and Harold C. Harper, of Tulsa, for plaintiff in error.

P. D. Erwin and Embry & Sutton, all of Chandler, for defendants in error.

John G. Ellinghausen, of Tulsa, amicus curiae.

DAVISON, V.C.J. This action in partition was instituted by the following named plaintiffs who are defendants in error here and who were the owners of the following undivided interests in the surface and in the oil, gas and other minerals in a 160-acre tract of land in Lincoln county, Oklahoma, to wit:

defendant's interest and that plaintiffs were equitably estopped from seeking such relief; that defendant's interest did not constitute realty and was therefore subject to partition only upon equitable grounds, allegations of which were not contained in the petition, and that the above statutes were not applicable; that ownership of the minerals was divided into small shares and that, by forcing the sale of these small interests, partition would operate as an instrument of fraud and oppression. The answer further contained the allegation that one Floyd G. Hubbell instituted a partition suit on July 10, 1935, against the defendant herein and against the above-named Edd S. Hinds and others, and that said cause was dismissed with prejudice January 27, 1936, which was equivalent to a "retraxit" at common law and constituted a bar to the instant action because of being litigation dealing with the same subject matter.

A trial was had to the court resulting in a judgment for plaintiffs for partition and the appointment of commissioners, who reported the property incapable of division in kind and fixed the value of the respective properties involved as to surface interests and mineral interests. The trial court, upon motion of plaintiffs, entered a judgment and order of sale. Defendant filed a motion to vacate the same. Plaintiffs filed a response and objection thereto which was by the court sustained, from which this appeal has been perfected.

Appellant first contends that the trial court erred in allowing plaintiffs to prove their title by the introduction in evidence of the records in the office of the county clerk, without prior proof that the originals were not in the possession or under the control of plaintiffs (12 O. S. 1941 §§486, 502; 16 O. S. 1941 §27). The record contains testimony of one of the plaintiffs, who kept all important papers, that the original conveyances could not be located although a thorough search had been made for them. The lower court considered this a sufficient compliance with the requirement. In addition thereto defendant's title was founded upon that of two of the plaintiffs and in turn depended upon the records so introduced. Plaintiffs, at no time, denied the title claimed by defendant. Therefore, if the evidence was entirely inadmissible, defendant was not prejudiced thereby and could not complain.

"Incompetent evidence, to secure reversal, must affirmatively appear to have caused prejudice to objecting party." Cole v. Ramsey, 124 Okla. 235, 254 P. 962; Gilliland v. Snedden et al., 195 Okla. 601, 159 P. 2d 734.

The next two assignments of error are the gist of the matters at issue and can be discussed together—that the petition does not state a cause of action for partition of mineral rights, and the order for partition and sale of oil and gas rights was inequitable, because plaintiffs had participated in their severance. Defendant relies upon the cases of Coker v. Vierson, 170 Okla. 528, 41 P. 2d 95; Clark v. Mercer Oil Co., 139 Okla. 48, 281 P. 283; Beardsley v. Kansas Natural Gas Co., 78 Kan. 571, 96 P. 859; and Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335. A brief amicus curiae has been filed herein in support of appellant's position wherein reliance is had upon the cases of Wolfe v. Stanford, supra; Fry v. Dewees, 151 Kan. 488, 99 P. 2d 844; and State ex rel. Commissioners of the Land Office v. Armstrong, 199 Okla. 474, 188 P. 2d 347.

It is argued that the interest in the minerals constitutes personal property, and that, since our statutes provide for partition of real estate only, the instant case is not controlled by them. This reasoning is sought to be supported by the above-cited Kansas cases construing statutory provisions identical to those of this state. Those cases deal with partition of interests conveyed by oil and gas leases and in the Fry case there was production on the premises. The defendant herein owned an interest in the minerals in place. There had been no oil and gas lease on the land for more than 20 years. The most re-

cent decision from the Kansas court on the subject which has come to our attention is the case of Holland v. Shaffer, 162 Kan. 474, 178 P. 2d 235, wherein the former cases are discussed. It was there said:

" . . . A mineral interest in and to oil and gas in place constitutes an interest in real estate. Richards v. Shearer, 145 Kan. 88, 64 P. 2d 56; Shaffer v. Kansas Farmers Union Royalty Co., 146 Kan. 84, 69 P. 2d 4; Serena v. Rubin, 146 Kan. 603, 72 P. 2d 995; Hushaw v. Kansas Farmers Union Royalty Co., 149 Kan. 64, 86 P. 2d 559. . . . The general rule therefore is that all property capable of being held in cotenancy is subject to partition by judicial proceedings, the partition being either in kind or by appraisal and sale. The general rule obtains as to stone, coal, oil and gas and other minerals in place when carved out of the fee by conveyance." (Citing numerous authorities.)

This last-cited case quotes from and relies upon the opinion of this court in the case of Wolfe v. Stanford, supra. Indeed, the opinion in the Wolfe case is determinative of every argument of defendant advanced under this proposition. In that case, the former opinions of this and the Kansas court are explained and harmonized, or are overruled. The following language used therein is particularly applicable in the case at bar:

"Independent of the Beardsley case from Kansas and our own Clark v. Mercer Oil Co. case, it is generally recognized, both under statutes regulating partition and equity independent of statute (in the absence of legislation requiring particular averments), that the right to partition property is absolute, and a pleading seeking partition is sufficient as a matter of law if it states facts from which the court can see that the parties are cotenants. . . .

"Do these views then justify the questionable rule of pleading announced in the Mercer case? We think not. Presumably a complaining party invokes a remedy for a justifiable end. Fraud or oppression in the use of the remedy is not to be presumed. If the action is to be defeated upon that ground, the matter is one of defense to be pleaded and proved as such. The rule of pleading as announced in Clark v. Mercer Oil Co., supra, is overruled."

Appellant seeks to attach importance to the fact that the defendant, there seeking partition of the oil and gas rights, owned the same undivided interest in both the surface and the minerals and had "not consented to a severance of the oil rights from the surface." We can perceive of little difference in the effect on the right to partition, of one who has sold an undivided interest in the minerals. But, that question need not be determined here because one of the plaintiffs in this case owned the same undivided interest in the fee which she had inherited and stood in the identical position of the party seeking partition of both surface and minerals in the Wolfe case. For the same reason, the suggested construction of the opinion in the case of State ex rel. Commissioners of the Land Office v. Armstrong, supra, that "He who consents cannot receive an injury" is not applicable. In addition, the holding in that case was to the effect that one purchasing lands in which the Commissioners of the Land Office had reserved an undivided interest in the minerals, as required by statute, took the same subject to the restrictions so imposed. It was not there held that the right to partition was surrendered by the owner of all or part of the fee when he sold a part interest in the minerals.

In the application of the rules of law, discussed in the various cases, to the case at bar, two facts are significant. The parties herein stand in the position of joint owners of the minerals in place and not that of co-lessees. Also, at the time this action was filed the defendant had owned its mineral interest some 20 years or more, having purchased it in 1925, at a time when oil speculation in the locality was at its height and, since that time, all activity had died down without any development on or near the premises involved.

664

The next proposition urged by appellant deals with the effect of a dismissal with prejudice of a suit for partition wherein one Floyd G. Hubbell was plaintiff and the plaintiffs and defendant herein were defendants. In July, 1935, said Hubbell was the owner of a 1/30th undivided interest in the real estate involved herein and instituted an action for partition. On January 27, 1936, he conveyed his interest to the plaintiffs herein and their brothers and sisters and dismissed his action with prejudice.

The plaintiff in error contends that this amounted to a retraxit at common law and precluded the maintenance of the instant action, citing Boettcher Oil & Gas Co. v. Westmoreland, 189 Okla. 110, 113 P. 2d 824 and Butler v. Fryer, 59 Okla. 274, 159 P. 367. It was held by this court in the case of Turner v. Fleming, 37 Okla. 75, 130 P. 551, 45 L.R.A. (N.S.) 265, Ann. Cases 1915B, 831:

"A dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject-matter in dispute is made, is a dismissal on the merits, and is equivalent to a judgment of retraxit at common law and as such would be a bar to further litigation on the same subject between the parties. . . ."

But the facts in the instant case do not bring it within the application of that rule. The record does not disclose any "agreement between the parties" nor does it in any way indicate that the Colonial Royalties Company was a party thereto or entitled to claim any rights thereunder. It had purchased its royalty interest long prior to the dismissal. The interest in the land which was purchased from Hubbell constituted only a small part of plaintiff's entire interest therein. If it be admitted that appellant's position be right as to the interest acquired from Hubbell plaintiffs did not, by having the case dismissed with prejudice and then purchasing that interest, surrender their right to partition, which they had because of the cotenancy theretofore existing.

Appellant's last contention is that it was not notified of the hearing at which the court rendered the judgment and order for sale. The record, however, discloses that a hearing was had upon the motion to vacate that judgment. In the motion to vacate, defendant set up its proposed defense. Upon hearing, a demurrer to the motion was properly sustained. Therefore, appellant was in no way injured by the action of the court. It was given the same right to be heard at that time as it would have had prior to issuance of the order. The error, if any, was harmless since plaintiffs were entitled to prevail in any event:

"Where the right of plaintiff to recover, on the undisputed facts, is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed." Westlake v. Cole, 115 Okla. 109, 241 P. 809.

The judgment is affirmed.

HURST, C. J., and BAYLESS, WELCH, and LUTTRELL, JJ., concur. CORN, GIBSON, and ARNOLD, JJ., dissent.