**James O. EATON, Plaintiff in Error,**

v.

**C. W. ALLEN, d/b/a C. W. Allen Construction Company and Ray Wendell Rice, Defendants in Error.**

No. 38992.

Supreme Court of Oklahoma.

March 28, 1961.

Rehearing Denied May 31, 1961

Matthews & Kasper, Perry, for plaintiff in error.

Fitzgerald & Houston, Stillwater, for defendants in error.

BLACKBIRD, Vice Chief Justice.

According to the undisputed allegations of the pleadings presented herein, plaintiff in error, James O. Eaton of Oklahoma City, while driving a Chevrolet Sedan in the employ of Midland Laboratories, an Iowa corporation, collided with a pickup truck belonging to the defendant in error, C. W. Allen, d/b/a Allen Construction Company (a Wilburton, Oklahoma, bridge-building firm) driven by its employee, defendant in error, Ray Wendell Rice, at the intersection of two county roads, north and west of Perry, in Noble County, Oklahoma, on October 6, 1958.

In December of that year, Rice, represented by a Tulsa attorney, instituted Cause No. 7423, in the District Court of Latimer County, entitled: "Ray Wendell Rice, Plaintiff, vs. Midland Laboratories and James Oliver Eaton, Defendants." In his petition therein, he alleged, in substance, that he suffered "serious painful and permanent injuries * * *" in the aforesaid collision; that they, and the collision, were caused by Eaton's negligence in driving his auto at an excessive rate of speed; in approaching a visually obstructed intersection without sounding the horn or retarding the speed of said auto; in failing to turn his auto to the right or left to avoid the collision; and in violating Oklahoma Rules of The Road by not observing said plaintiff's entitlement to the right of way at said intersection. The petition sought damages against Eaton, and also against his alleged

employer, Midland Laboratories, on the respondeat superior theory, for Rice's alleged personal injuries, including pain and suffering and medical expenses, plus loss of time, and impaired earning capacity, in the total sum of $62,480.

After the overruling of a special appearance and challenge to the court's jurisdiction filed on behalf of the defendant, Midland Laboratories, by Tulsa Attorney S, and *before* a similar pleading filed on behalf of the other defendant, Eaton, by Tulsa Attorney M, as well as a combination Motion To Strike, Motion To Make More Definite And Certain, and Demurrer, filed by Attorney S on behalf of Midland Laboratories, had been ruled on, or *an answer had been filed on behalf of either of the defendants,* the court, in September, 1959, upon application of the plaintiff Rice, entered a judgment dismissing the action with prejudice.

In the meantime, and approximately 4 months previously, Eaton represented by Perry, Oklahoma, counsel, had instituted Cause No. 8896, of The District Court of Noble County, styled: "James O. Eaton, Plaintiff, vs. C. W. Allen, d/b/a C. W. Allen Construction Company and Ray Wendell Rice, Defendants." Said action concerned the same collision referred to above, and, in his petition filed therein, Eaton, as plaintiff, alleged in substance that said collision was caused by the negligence of the named defendants in failing to yield the right of way to plaintiff, who had entered the road intersection first; in failing to keep a proper lookout; in failing to operate the pickup at a safe and reasonable speed; in failing to stop the truck before entering the intersection; in running into plaintiff; and in failing to operate the pickup truck as an ordinary prudent person under the circumstances. In said petition, Eaton prayed damages for his alleged personal injuries in the sum of $2,000, and for damages to his automobile in the sum of $1,000.

Thereafter, despite joinder of the issues, with not only answers on behalf of both Allen and Rice, but also a cross-petition on behalf of Allen, being filed for them therein during August, 1959, by a firm of Stillwater Attorneys, said defendants, in October—a little less than a month after the above-described dismissal of the Latimer County action between the same litigants—filed in the Noble County action, a Motion praying dismissal of the action with prejudice, on the ground that: " * * * said cause of action is Res Judicata in that all matters herein have been fully and finally settled and disposed of * * * " in the Latimer County action. To said motion there was attached, as exhibits, photostats of the petition, the motion for dismissal with prejudice, and the journal entry of the "judgment" of dismissal with prejudice previously filed, as before indicated, in the Latimer County Cause No. 7423, supra.

When the Perry law firm representing Eaton in the Noble County action filed a brief responding to Allen's and Rice's Motion To Dismiss, there was also filed therein an "Affidavit in Contravention of Defendants'. Motion to Dismiss" executed by the aforementioned Tulsa Attorney S (who, as aforesaid, had filed pleadings on behalf of Midland Laboratories as a defendant in the Latimer County Action).

Thereafter, Allen and Rice filed an amendment to their previous motion to dismiss, incorporating in the record of this case certified copies of *all* court papers filed in the previous Latimer County Cause No. 7423, supra, and, at a subsequent hearing, the trial court sustained the motion to dismiss, as thus amended. From said ruling and/or judgment dismissing the action, Eaton has lodged the present appeal. Our continued reference to him and to Allen and Rice will be by name or by their designations of "plaintiff" and "defendants", respectively, in the present action.

Plaintiff's Proposition No. 1 is as follows:

"The trial court erred in sustaining the motion to dismiss of the defendants and erred in holding that the settlement between Rice and Eaton's insurance carrier of Rice's claims asserted in the

District Court of Latimer County barred Eaton from prosecuting his claims against Rice and Allen in the District Court of Noble County and erred in denying Eaton his day in court on his claims against Rice and Allen."

Under this proposition, Eaton argues, first: That the so-called "Judgment Of Dismissal" entered in the Latimer County action did not purport to adjudicate his rights and was no more than a determination that Rice was dismissing, with prejudice, the cause of action *he* alleged therein; Second: That if said "judgment" be deemed an adjudication of Eaton's rights "by confession of (his) counsel" it can only be void, as there was not alleged, or filed therein, any warrant of attorney.

Initially, we observe that Eaton, as plaintiff in this Noble County action (and plaintiff in error here), has submitted the issue of whether or not the dismissal of the Latimer County action, upon application of his opponent, Rice, constituted an adjudication of his alleged cause of action in this case, without raising any question as to the manner in which said issue was brought before the trial court. This being true, we will consider directly the issue submitted, without deciding, under the circumstances, whether the issue could be as competently and correctly raised by (defendant's) Motion To Dismiss (the Noble County action) as by Answer.

To afford a clear and exact picture of the dismissal proceedings in the Latimer County Case as presented to the trial court in this case, they are hereinafter set forth in full. The pleading filed therein to invoke the court's jurisdiction to enter the dismissal was entitled: "Application for Judgment of Dismissal With Prejudice" and read as follows:

"Comes now the plaintiff, Ray Wendell Rice, and does hereby and by these presents respectfully show the Court that the parties hereto have entered into a compromise and settlement of *all of the claims herein asserted by the plaintiff against the defendant* and the plaintiff has executed a release *discharging the defendant of and from all liability,* which said compromise and settlement and release covers *all of the claims and causes of action herein asserted.* That the claims *herein asserted by your plaintiff* have by compromise and satisfaction been extinguished. That the claims and *causes of action herein asserted* are now moot and that this Court, therefore, should enter its judgment dismissing this action with prejudice at the cost of the plaintiff."

"Wherefore, your plaintiff, Ray Wendell Rice, prays that this Court enter its judgment dismissing this action with prejudice at the cost of plaintiff." (Emphasis ours.)

The "Journal Entry of Judgment of Dismissal With Prejudice" entered by the District Court of Latimer County in its Cause No. 7423, supra, reads as follows:

"This cause came on for hearing on this 23 day of Sept., 1959, upon the application to dismiss this action with prejudice, at which time the *plaintiff appeared* by his attorneys of record. The Court, after being fully advised in the premises, finds *that the plaintiff has compromised and settled the claims and causes of action herein asserted against the defendant and has executed a written release, releasing the defendants of and from all liability in the claims and causes of action herein asserted,* and that *such release bars and extinguishes the claims and causes of action herein asserted by the plaintiff against the defendants,* and the *issues heretofore raised in this action are now moot,* and that this action should be dismissed with prejudice at the cost of the plaintiff.

"Now, Therefore, Be It Ordered, Adjudged and Decreed by the Court that the claims *heretofore asserted herein by the plaintiff against the defendant* have been barred and extinguished by release and satisfaction, and that the *issues herein raised are moot,* and that this cause be and the same is

hereby dismissed with prejudice at the cost of the plaintiff.

"Done in open Court the day and year above written." (Emphasis ours.)

The affidavit of Tulsa Attorney S presented, as aforesaid, to the trial court in this case in contravention of Rice's and Allen's claims concerning the character of the Latimer County Case's dismissal reads, omitting the formal parts, as follows:

"* * * That for and on behalf of the First Fidelity Insurance Company of Oklahoma City, Oklahoma, your affiant represented it in the defense of an action in the District Court of Latimer County, State of Oklahoma, instituted by Ray Wendell Rice as plaintiff, against Midland Laboratories and James Oliver Eaton as defendants, Cause No. 7423, by representing its assureds in name, Midland Laboratories and James Oliver Eaton. That said case was set for trial on September 8, 1959, and that in the interest of the insurance company, for and on its behalf, your affiant negotiated a settlement of the claims of Ray Wendell Rice for a sum equal to what it would have cost said insurance company to have defended said action. That Ray Wendell Rice released his claims against Midland Laboratories and James Oliver Eaton and that he applied for the Court to dismiss his causes of action with prejudice and the Court entered judgment accordingly.

"Affiant further states that the settlement made with Ray Wendell Rice and the First Fidelity Insurance Company was a unilateral agreement in that only the claims and causes of action of Ray Wendell Rice arising out of the accident occurring on October 6, 1958, were settled. A discussion as to the claims of C. W. Allen, d/b/a Allen Construction Company were discussed, but it was concluded, to leave his claims and the claims of James O. Eaton open for litigation in Cause No. 8896 then pending in the District Court of Noble County, State of Oklahoma. That the settlement with Ray Wendell Rice was made with the understanding that the claims of James O. Eaton were not effected thereby, but only the claims of Ray Wendell Rice were being extinguished. That the claims and causes of action of James O. Eaton were not a part of and did not constitute a part of the consideration of the unilateral settlement of the claims of Ray Wendell Rice. That United States Fidelity and Guaranty Company, public liability insurance carrier for Ray Wendell Rice and C. W. Allen did not participate in such settlement. That it was not the intention of the parties that the liability of the United States Fidelity and Guaranty Company for and on behalf of Ray Wendell Rice and C. W. Allen to James O. Eaton be affected in any way by the extinguishment of the claims of Ray Wendell Rice. Affiant further states that James Oliver Eaton has never asserted claim in Cause No. 7423 in the District Court of Latimer County, but on the other hand has always asserted his claims in the District Court of Noble County. That Ray Wendell Rice extinguished his claims before an Answer was filed on behalf of James O. Eaton in Number 7423. That no cross-Petition was filed on behalf of James Oliver Eaton in Cause No. 7423. That the sole action in said Cause No. 7423 was to extinguish the claims of Ray Wendell Rice."

██ Defendants contend that the above-described dismissal was "a dismissal on the merits and as such barred further litigation on the same subject between the parties." Their view is that the above-quoted judgment of dismissal with prejudice was an adjudication of *all* issues between the parties that arose out of the intersection collision—that is, an adjudication of *Eaton's rights*, as well as those of Rice and his employer, Allen—of all rights that *might have been* asserted, as well as those that *were* asserted. They say it "cannot be urged with any degree of authority" that the cause

or causes of action Eaton asserts in the present Noble County action, "if any", were not at issue in the Latimer County suit. They cite the fact that the latter suit's dismissal has become final (no appeal having been taken therefrom) and say, in substance, that it would be against public policy to allow it to be avoided, or circumvented, in the present action. They mention the matter of "estoppel by judgment" and also quote Colonial Royalty Company v. Hines, 202 Okl. 660, 216 P.2d 958, 962 (quoting Turner v. Fleming, 37 Okl. 75, 130 P. 551, 552, 45 L.R.A.,N.S., 265, Ann.Cas.1915B, 831) as follows:

"A dismissal of a suit made after, and based upon, an agreement between the parties by which a compromise settlement and adjustment of the subject-matter in dispute is made, is a dismissal on the merits, and is equivalent to a judgment of retraxit at common law; and as such would be a bar to further litigation on the same subject between the parties."

In 17 Am.Jur., "Dismissal, Etc.", sec. 2, a "Retraxit" is defined as an "oral renunciation by plaintiff in open court of *his* suit or cause of action" and in sec. 91 of said Work it is said that a retraxit " * * * is deemed to be a bar to another suit for the *same cause* * * *". (Emphasis ours.) As to the meaning of "the same cause of action", notice Restatement Of The Law, Judgments, sec. 58b. As will be noted from the above-quoted "Application for Judgment of Dismissal With Prejudice", it does not specifically or unequivocally purport on its face to identify any claim or cause of action thereby submitted to the court for ruling, or adjudication, except those "asserted by the plaintiff" therein, though it also states "the claims and causes of action *herein* asserted are now moot * * *". Nor does the "Journal Entry" pursuant to said "Application", mention or purport, on its face, to deal with anything more than " * * * the claims and causes of action *herein* asserted * * *". It will be remembered that at that stage, or juncture, in the Latimer County action,

neither Eaton nor Midland Laboratories, had filed an answer or asserted any substantive defense or cause of action therein. While there is some diversity of opinion among the various cases (that have come to our attention) concerning the extent to which various kinds of dismissals should be regarded as bars to subsequent actions between the same parties arising out of the same transaction, or occurrence (see the Annotations at 2 A.L.R.2d 514, 149 A.L.R. 553, and 97 L.Ed 1188), the court in American Radium Co. v. Hipp. Didisheim Co., D.C.N.Y.1921, 279 F. 601, 603 (affirmed without opinion in 297 F. 1016) said:

"Consent decrees, as their name implies, are the result of an agreement, sometimes precedently expressed in formal stipulation, and sometimes * * solely in the decree itself. They are to be read within their four corners, and especially so because they represent the agreement of the parties, and not the independent examination of the subject-matter by the court. They are binding only to the extent to which they go. * * *"

In Fruehauf Trailer Co. v. Gilmore, 10 Cir., 167 F.2d 324, 330, the court said that in entering a consent judgment to carry out a compromise agreement, the court merely exercises an administrative function "in recording what has been agreed to between the parties." When the judgment is ambiguous, or leaves doubt as to just what was contemplated or intended by it, and/or the agreement, extrinsic evidence should be considered to resolve the matter. In this connection see Boettcher Oil & Gas Co. v. Westmoland, 189 Okl. 110, 113 P.2d 824, 825, where, in speaking of Turner v. Fleming, supra, we said: " * * * it * * * further held * * * that where the record * * * fails to show the facts of the agreement on which the dismissal is based, extrinsic evidence to that end may be resorted to." Notice also the discussion in Seaboard Airline R. Co. v. Geo. F. McCourt Trucking Co., Ind., 5 Cir., 277 F.2d 593, which, while not all applicable to agreed, or consent, dismissals—where

one party retracts his cause of action, instead of submitting it to the court for determination—shows some of the good reasons for adoption of the just-stated rule. See also the discussion in Kelly v. Town of Milan, C.C.Tenn., 21 F. 842, 862–870. In accord with the cited reasoning, unless the Latimer County District Court's "Judgment" of dismissal can be said to be an adjudication of the merits of the cause of action Eaton has alleged against Rice and his employer in the present case, application of the doctrine of res judicata (to borrow words from the Seaboard Airline R. Co. case, supra [277 F.2d 597]) " * * * would serve an unjust cause; it would become a device by which a decision not shown to be on the merits * * *" of such cause, or causes, of action " * * * would forever foreclose inquiry into" it, or them. In this connection, notice Daniel v. Adorno, D.C.Mun.App., 107 A.2d 700. The hereinbefore quoted statements contained in Attorney S's affidavit (submitted to the trial court in contravention of Rice's and Allen's motion to dismiss, as aforesaid) when considered alone, and without refutation, would tend to indicate that dismissal of the Latimer County Action did *not* contemplate such an adjudication, and that the "Judgment" by which said agreement was entered of record, carried out, and made binding and effective, was *not* intended to constitute any bar or estoppel as to the then pending Noble County action by Eaton. If the agreement had been intended to encompass the entire controversy, and all claims of the principal opponents arising out of the collision, then common prudence would seem to have dictated the requirement that dismissal of that action be included as a part of the consideration for said agreement, and be accomplished as a prerequisite for its consummation. Also, it is perhaps worthy of note, that though the application for, and judgment of, dismissal in the Latimer County case mentioned a release, executed by Rice "discharging the defendant", *there is no mention in the record, of* either defendant therein ever having executed a reciprocal release discharging Rice, or his employer, from liability.

Instead of considering evidence on the matter, the trial court apparently determined the merits of the Rice and Allen motion to dismiss, as amended, solely upon rigid and categorical rules of law, which, in our opinion, he misconstrued. This was error. The judgment sustaining said motion, as amended, is therefore reversed, and this cause is remanded to said court with directions to vacate it, and proceed in a manner not inconsistent with the views expressed herein.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.