TIB-THE INDEPENDENT BANKERS BANK v. GOERKE
2023 OK 61
Case Number: 119609
Decided: 05/31/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 61, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

TIB-THE INDEPENDENT BANKERS BANK, Plaintiff/Appellant,
v.
JOSEPH K. GOERKE, Defendant/Appellee, KYLE E. GOERKE aka KYLE EDWARD GOERKE, Spouse, if any of, of KYLE E. GOERKE, JOHN DOE, Occupant, A.E. GOERKE, FRANCES GOERKE, ETHEL B. WILLIAMSON, STATE OF OKLAHOMA ex rel. OKLAHOMA TAX COMMISSION and FIRST STATE BANK, Defendants.

ON CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION IV

Honorable Justin P. Eilers, Trial Judge

¶0 Plaintiff/Appellant, TIB-The Independent Bankers Bank, brought a foreclosure action against Defendant, Kyle Goerke, and named Defendant/Appellee, Joseph Goerke ("Goerke"), as a party based on a mortgage he held on the property in question. The trial court granted summary judgment in favor of Goerke, finding that Plaintiff's cause of action was barred based on the doctrines of claim splitting and claim preclusion because Goerke was named in a prior foreclosure action by TIB which was dismissed with prejudice. The Court of Civil Appeals affirmed the trial court. On certiorari, we hold that Plaintiff's claim against Goerke is not barred by the doctrine of claim preclusion.

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS' OPINION VACATED;
JUDGMENT OF THE TRIAL COURT REVERSED.

Mark E. Hardin, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Tulsa, Oklahoma, for Plaintiff/Appellant.

Andrew Ralph Harroz and Preston M. Sullivan, Chansolme Harroz Hays, PLLC, Oklahoma City, Oklahoma, and Joseph K. Goerke and John A. Krahl, Krahl Goerke Meyer & Behenna, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellee.

ROWE, V.C.J.:

BACKGROUND

¶1 In August 2015, Plaintiff/Appellant, TIB-The Independent Bankers Bank ("TIB"), filed a foreclosure action ("2015 foreclosure") in Blaine County District Court against Defendant, Kyle E. Goerke, based on a mortgage executed and recorded in 2007. TIB also included claims against Kyle Goerke's brother, Defendant/Appellee, Joseph K. Goerke ("Goerke"), and several of their family members because they possessed a right of first refusal recorded in the chain of title. At the time, Goerke also possessed a second interest in the property, a mortgage recorded in 2015. Although the title report ordered by TIB reflected both of Goerke's interests, TIB only named him as a defendant in the 2015 foreclosure based on his right of first refusal--and not on his mortgage interest.

¶2 Goerke, an attorney, filed an answer in the 2015 foreclosure on behalf of himself and the other family members, noting that their right of first refusal had expired. Accordingly, Goerke claimed they had been improperly named as defendants and demanded that the claims against them be dismissed with prejudice. Goerke did not assert or reference his mortgage interest in his answer. TIB complied with Goerke's demand and dismissed the claims against him and his family members with prejudice. Kyle Goerke later resolved the default, and TIB dismissed the 2015 foreclosure action.

¶3 Kyle Goerke defaulted again shortly thereafter, and on June 15, 2016, TIB initiated a second foreclosure action ("2016 foreclosure") against him, which formed the basis of the present appeal. In the 2016 foreclosure, TIB discovered Goerke's mortgage interest and named him as a defendant on that basis. Goerke filed an answer to the 2016 foreclosure, claiming TIB was barred from bringing further claims against him because TIB dismissed him with prejudice from the 2015 foreclosure. Both TIB and Goerke filed motions for summary judgment.

¶4 On April 22, 2019, the District Court entered an order denying TIB's motion for summary judgment as well as a journal entry granting Goerke's motion for summary judgment. Therein, the District Court made the following findings: (1) that TIB sought a determination in the 2015 foreclosure that its mortgage was superior to Goerke's interest in the property; (2) that TIB's dismissal of Goerke with prejudice from the 2015 foreclosure constituted a judgment on the merits; (3) that TIB had record notice of Goerke's mortgage on the property; (4) that TIB was again seeking a determination that its mortgage was superior to Goerke's interest in the property; and (5) therefore, TIB's claim against Goerke in 2016 foreclosure was barred by the doctrines of claim preclusion and claim splitting. TIB obtained final judgment against Kyle Goerke on May 12, 2021.

¶5 TIB filed its Petition in Error on June 1, 2021. The matter was assigned to the Court of Civil Appeals, Division IV ("COCA") on July 14, 2021. On August 5, 2021, COCA issued an order directing the parties to file simultaneous briefs addressing the following questions:

1) In the first foreclosure, did Joseph Goerke, as an attorney representing himself, have an ethical duty of candor to the trial court and opposing counsel to state that he also had an interest represented by a mortgage?

2) Only to the extent that the Answer is on behalf of Joseph Goerke, did the Answer filed in the first foreclosure contain a misleading statement in Paragraph 3, by alleging "Plaintiff does not have a reasonable or supportable basis to have included these Answering Individuals based upon the specific allegations of its Petition" and did Joseph Goerke have an ethical duty, as an attorney and officer of the court, to then disclose the mortgage he held?

3) If the answer to either or both above Questions is in the affirmative and given that the subjects of the questions were not specifically presented to the trial court in the second foreclosure arguments, is it fundamental error to disregard the affirmative answer(s) when considering the defenses of claim preclusion and claim splitting? (Bank did argue that Joseph Goerke had an equitable duty, but the argument did not specifically address the duty as an attorney and officer of the court.)

4) If the answer to Question 3 is in the affirmative, does the breach of duty and failure by Joseph Goerke as an attorney and officer of the court to disclose the mortgage preclude assertion of claim preclusion and claim splitting by Joseph Goerke?

In his response to COCA's order, Goerke claimed that TIB did not raise any issues regarding his nondisclosure of the second mortgage because counsel for TIB acknowledged having notice of Goerke's mortgage when the first foreclosure was filed. COCA then issued another order directing TIB to inform the court whether it disputed Goerke's claim on this point. In its response to the second order, TIB acknowledged that Goerke's mortgage was referenced in the title report prepared for the 2015 foreclosure but "inadvertently omitted from the Petition."

¶6 COCA issued a published opinion affirming the District Court's judgment. In its Petition for Certiorari, TIB asserts the following propositions of error: (1) the COCA imputed to the Bank the mistake of its foreclosure counsel to deprive the Bank of its rights in a way probably not in accord with applicable decisions of this Court; (2) the COCA's determination that there was an agreement for dismissal was probably not in accord with applicable decisions of this Court; (3) the COCA determined the priority of the mortgages in a way probably not in accord with applicable decisions of this Court; (4) the COCA determined the duty of a litigant to set up all claims in a way that conflicts with the decisions of other divisions of the COCA and conflicts with the decisions of this Court; (5) the COCA's failure to apply the doctrines of waiver and/or estoppel conflicts with applicable decisions of this Court; and (6) the COCA failed to consider constructive fraud in a way probably not in accord with applicable decisions of this Court.

STANDARD OF REVIEW

¶7 We review a District Court's order granting summary judgment de novo. Tiger v. Verdigris Valley Elec. Coop., 2016 OK 74410 P.3d 1007de novo review. Johnson v. Midwest City Del City Pub. Schs., 2021 OK 29507 P.3d 637De novo review involves a plenary, independent, and non-deferential examination of the issues presented. Benedetti v. Cimarex Energy Co., 2018 OK 21415 P.3d 43

DISCUSSION

¶8 The doctrine of claim preclusion bars "re-litigation by parties or their privies of issues which either were or could have been litigated in a prior action which resulted in a prior judgment on the merits." State ex rel Tal v. City of Okla. City, 2002 OK 9761 P.3d 234See Erwin v. Frazier, 1989 OK 95786 P.2d 61Turner v. Fleming, 1913 OK 155130 P. 551Boettcher Oil & Gas Co. v. Westmoland, 1941 OK 52113 P.2d 824

¶9 COCA found that there was no "specific agreement" between TIB and Goerke to dismiss the 2015 foreclosure.

¶10 TIB relies on Eaton v. Allen, 1961 OK 74Eaton, we clarified that where there is room for reasonable doubt as to whether an agreed upon dismissal was intended to bar future litigation arising out of the same transaction or occurrence, said doubt should be resolved by considering extrinsic evidence. Id. ¶ 11, 362 P.2d at 98-99.

¶11 Here, the record is devoid of any extrinsic evidence indicating that TIB's acquiescence to Goerke's request to dismiss the claim based on his right of first refusal was intended to bar future litigation regarding the priority of his interest in the property. Rather, TIB was merely acknowledging that Goerke was correct insofar as his right of first refusal had expired. Without compelling evidence to the contrary, we find that such an acknowledgement does not rise to the level of a settlement agreement.

¶12 Our finding is further supported by the fact that there has been neither an allegation nor a finding of an actual agreement up to this point in the litigation. Notably, Goerke did not allege in his motion for summary judgment that TIB's dismissal was predicated on an agreement between the parties. Additionally, the District Court did not make a finding that the dismissal was the product of an agreement between the parties. Based on the foregoing, TIB's dismissal of Goerke with prejudice in the 2015 foreclosure does not constitute a final judgment on the merits for the purposes of claim preclusion.

CONCLUSION

¶13 In order for the doctrine of claim preclusion to be invoked, there must be a final judgment on the merits in a prior action. Erwin, 1989 OK 95

CERTIORARI PREVIOUSLY GRANTED;
COURT OF CIVIL APPEALS' OPINION VACATED;
JUDGMENT OF THE TRIAL COURT REVERSED.

Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, and Kuehn, JJ., concur;

Kauger, Combs, Gurich, and Darby, JJ., dissent.

FOOTNOTES

See Appellant's Response to the Court's September 15, 2021, Order, p. 2.

Id.

Id. ¶¶ 53-54.